**FILED**
August 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **XIAOHONG ZHENG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-4910-OLG** |
| | § | |
| **MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is the status of this habeas action. Because Petitioner was admitted to the United States and overstayed her visa, she is entitled to a bond hearing under 8 U.S.C. § 1226(a). No bond hearing has been held, however. That is because Petitioner never requested one. *See* Dkt. No. 6 at 31. Petitioner initiated this habeas case anyway, challenging her detention on due process grounds. *See* Dkt. No. 1 at 20–22.[1]

Petitioner is correct that she is entitled to due process. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But whether she exercises her right to that process—as set forth in § 1226(a)—is up to her. Thus far, she has declined to do so. Insofar as Petitioner contends that the established process itself is unconstitutional because it impermissibly places the burden on her to demonstrate that she is neither a flight risk nor a danger to the community, she is mistaken. The Court has repeatedly held

[1]Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act (APA) and the fact that she was improperly arrested without a warrant. *See* Dkt. No. 1 at 16–20, 22–23. These claims—which are unavailing and not properly before the Court in a habeas proceeding—will be dismissed. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only."); *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 & n.22 (W.D. Tex. May 4, 2026) (explaining that an alleged Fourth Amendment violation "has no bearing on the legality of detention . . . during removal proceedings").

that "requiring Petitioner to bear the burden of proof at [her] bond hearing does not offend [her] right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED** insofar as Petitioner asserts non-habeas claims and **DENIED** in all other respects.

This case is **CLOSED**.

**SIGNED** on August 20, 2026.

ORLANDO L. GARCIA
United States District Judge